**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT RAY MCLAIN,** | : | **No. 1:22-CV-0100** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **UNITED STATES,** | : | |
| **Defendant** | : | |

**MEMORANDUM**

Plaintiff Robert Ray McLain initiated the above-captioned civil action in

2022, alleging negligence under the Federal Tort Claims Act (FTCA), 28 U.S.C.

§§ 1346(b), 2671-80. The United States now moves to dismiss McLain's lawsuit

for failure to prosecute or alternatively for summary judgment under Federal Rule

of Civil Procedure 56. McLain has not opposed Defendant's motions in any way.

Thus, the court will grant Defendant's motion for summary judgment.

**I. BACKGROUND**

In his complaint, McLain alleged that he contracted COVID-19 and became

seriously ill because BOP officials failed to utilize due care with regard to

protocols established to prevent the spread of this infectious disease. (See Doc.

1 at 7). He named numerous defendants, but as the court[1] noted in its February

---

[1] This case was previously assigned to the Honorable Sylvia H. Rambo. It was reassigned to the undersigned judicial officer on November 7, 2023.

10, 2022 Order (and McLain himself conceded), the only proper defendant in this FTCA action is the United States. (See Doc. No. 13 at 2 ¶ 6 (citing CNA v. United States, 535 F.3d 132, 138 n.2 (3d Cir. 2008))).

McLain subsequently filed a host of additional motions, including requests for preemptive leave to amend, preliminary injunctive relief, appointment of counsel, criminal prosecution of FCI Allenwood staff, status updates, and multiple stays. (See Docs. 4, 5, 18, 20, 25, 28, 30). Those motions were eventually dismissed or denied. (See Docs. 13, 29, 31, 34).

Defendant then moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1), arguing that the discretionary function exception to the FTCA applied to bar McLain's claims. (See generally Docs. 26, 27). McLain failed to oppose or otherwise respond to that motion. (See Doc. 35 at 2). The court ultimately denied Defendant's motion to dismiss, finding that the United States had not met its burden to show that the discretionary function exception to the FTCA applied to McLain's allegations. (See id. at 8-10).

The United States now moves to dismiss McLain's lawsuit for failure to prosecute or alternatively for summary judgment under Federal Rule of Civil Procedure 56. (Doc. 52). McLain, once again, has not opposed these motions in any way. The court will thus grant Defendant's unopposed motion for summary judgment.

## II.    STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Material facts are those "that could alter the outcome" of the litigation, and "disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." EBC, Inc. v. Clark Bldg. Sys., Inc., 618 F.3d 253, 262 (3d Cir. 2010) (quoting Clark v. Modern Grp. Ltd., 9 F.3d 321, 326 (3d Cir. 1993)).

At the Rule 56 stage, the court's function is not to "weigh the evidence and determine the truth of the matter" but rather "to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  The court must view the facts and evidence presented "in the light most favorable to the non-moving party" and must "draw all reasonable inferences in that party's favor." Thomas v. Cumberland Cnty., 749 F.3d 217, 222 (3d Cir. 2014).  This evidence, however, must be adequate—as a matter of law—to sustain a judgment in favor of the nonmoving party on the claim or claims at issue. Liberty Lobby, 477 U.S. at 250-57; Matsushita Elec. Indus. Co. v. Zenith

Radio Corp., 475 U.S. 574, 587-89 (1986).  A "scintilla of evidence" supporting

the nonmovant's position is insufficient; "there must be evidence on which the

jury could reasonably find for the [nonmovant]."   Daniels v. Sch. Dist. of Phila.,

776 F.3d 181, 192 (3d Cir. 2015) (quoting Liberty Lobby, 477 U.S. at 252)

(alteration in original).  Succinctly stated, summary judgment is "put up or shut up

time" for the nonmoving party.  Daubert v. NRA Grp., LLC, 861 F.3d 382, 391 (3d

Cir. 2017) (quoting Berkeley Inv. Grp. v. Colkitt, 455 F.3d 195, 201 (3d Cir.

2006)).

## III.   DISCUSSION[2]

The United States asserts that, as McLain failed to properly participate in

discovery and admitted in writing that he no longer wished to pursue the instant

case, the lawsuit should be dismissed for failure to prosecute pursuant to Federal

Rule of Civil Procedure 41(b).  Defendant alternatively argues that because

McLain cannot proffer any evidence to support his negligence claim, summary

judgment must be granted in its favor.  The court need only address the Rule 56

argument, as it is clear that there is no dispute of material fact in this case.

---

[2] Local Rule of Court 56.1 requires that a motion for summary judgment be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1.  A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. Id. Defendant filed its statement of material facts, (Doc. 58), but McLain failed to respond to that statement.  Accordingly, the Court will deem admitted the facts in Defendant's Rule 56.1 statement.  See LOCAL RULE OF COURT 56.1.

### A.   Failure to Oppose Rule 56 Motion

Initially, McLain has failed to carry his burden at summary judgment because he has not opposed Defendant's Rule 56 motion in any way.  McLain has not identified any record evidence that would rebut Defendant's contention (and supporting evidence) that no BOP official breached a duty of care or proximately caused McLain's injury.  McLain has not, for example, pointed to a declaration or affidavit, witness statements, documentary support, or any other evidence that could sustain a verdict in his favor.  In fact, McLain has not even responded to Defendant's Rule 56 motion, meaning that—pursuant to Local Rule 7.6—the motion is deemed unopposed.  See LOCAL RULE OF COURT 7.6 (stating that failure to file a brief in opposition to a motion, including one for summary judgment, results in said motion being deemed "unopposed").

At summary judgment, "the non-moving party *must oppose the motion* and, in doing so, may not rest upon the mere allegations or denials of his pleadings but, instead, must set forth specific facts showing that there is a genuine issue for trial.  Bare assertions, conclusory allegations, or suspicions will not suffice." Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 288-89 (3d Cir. 2018) (alteration omitted) (emphasis added) (quoting D.E. v. Cent. Dauphin Sch. Dist., 765 F.3d 260, 268-69 (3d Cir. 2014)).  Moreover, "[t]he court need consider only the cited materials" when ruling on a motion for summary judgment.  FED. R. CIV. P.

56(c)(3).  No materials have been provided or cited by McLain in opposition to Defendant's Rule 56 motion.  Thus, because McLain has failed to establish that there is a genuine dispute of material fact by failing to oppose Defendant's Rule 56 motion, the court must grant judgment in Defendant's favor.

## B.   Merits of FTCA Claim

A second reason that summary judgment must be granted in Defendant's favor is that, upon consideration of the record, there is no evidence that would sustain a verdict in McLain's favor on his FTCA claim.

"The FTCA offers a limited waiver of the federal government's sovereign immunity from civil liability for negligent acts of government employees acting within the scope of their employment."  Rinaldi v. United States, 904 F.3d 257, 273 (3d Cir. 2018); see also 28 U.S.C. § 1346(b)(1).  "[T]he FTCA does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court.  Thus, 'the extent of the United States' liability under the FTCA is generally determined by reference to state law.'"  In re Orthopedic Bone Screw Prod. Liab. Litig., 264 F.3d 344, 361-62 (3d Cir. 2001) (quoting Reo v. U.S. Postal Serv., 98 F.3d 73, 75 (3d Cir. 1996)).

In the case at bar, McLain alleges an underlying state-law claim of negligence.  Under Pennsylvania law, to establish the tort of negligence, a

plaintiff must show that "the defendant owed a duty of care to the plaintiff, that duty was breached, the breach resulted in the plaintiff's injury, and the plaintiff suffered an actual loss or damages." Kinney-Lindstrom v. Med. Care Availability & Reduction of Error Fund, 73 A.3d 543, 563 n.17 (Pa. 2013) (quoting Merlini ex rel. Merlini v. Gallitzin Water Auth., 980 A.2d 502, 506 (Pa. 2009)).

As Defendant correctly observes, McLain has provided no evidence that any BOP official breached a duty of care owed to McLain.  Defendant has proffered substantial evidence that the BOP implemented numerous safeguards to protect staff and inmates from COVID-19, including a "test in/test out" policy, a facility-wide mask mandate, social distancing when possible, limited inmate movement, suspension of in-person visitation, daily temperature checks and screenings, increased cleaning frequency, contact tracing, quarantine procedures for sick inmates, and inmate and staff instruction on mitigation and prevention of COVID-19.  (See Doc. 58 ¶¶ 7-34, 37).  While McLain alleged that some corrections officers failed to wear face masks, he has provided no evidence of these officers' identities, when the alleged conduct took place, or whether these officers came into contact with him.  Thus, McLain has failed to proffer any evidence of breach of the duty of care owed to him.

Relatedly, McLain has failed to adduce evidence that could establish proximate cause.  From his medical records, it appears that he was diagnosed

7

with COVID-19 on November 19, 2020.  (Id. ¶ 51).  McLain, however, has proffered no evidence that any allegedly negligent conduct by BOP officials occurred around the time of his COVID-19 infection or otherwise caused his infection.

Without evidence of breach or proximate cause, McLain cannot move beyond the Rule 56 stage and take his negligence claim to trial.  Thus, even if the court were to reach the merits of McLain's FTCA claim (despite his failure to oppose the instant Rule 56 motion), Defendant's motion for summary judgment would still be granted.

## IV.   CONCLUSION

Based on the foregoing, the Court will grant the United States' unopposed motion for summary judgment under Federal Rule of Civil Procedure 56.  An appropriate Order follows.

Date: 8/21/24

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court